UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA
ENID DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, §<br>United States Department of Labor, §<br>§<br>Petitioner, §<br>§<br>v. §<br>§<br>Enterprise Grain Company, §<br>§<br>Respondent. § | Civil Action No. CIV-21-1088-PRW |

### PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA DUCES TECUM ISSUED BY THE OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

To the United States District Court for the Western District of Oklahoma, Enid Division:

I.

Enterprise Grain Company has failed to comply with an administrative subpoena duces tecum ("Subpoena") issued on May 18, 2021 by the Occupational Safety and Health Administration ("OSHA") pursuant to section 8(b) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 657(b) (the "Act").  OSHA lawfully served the subpoena, and the subpoena seeks an essential piece of evidence – an audio recording made by Respondent of a conversation between Respondent and its employee – that contains evidence of alleged protected activity and motive for termination, in an OSHA whistleblower investigation.  Accordingly, the Secretary of Labor brings this action under section 8(b) of the Act to enforce the Subpoena.

II.

Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1345 and section 8(b) of the Act, 29 U.S.C. § 657(b).

1

III.

Enterprise Grain Company ("Enterprise Grain" or "Respondent") is an Oklahoma corporation engaged in providing professional crop management services to farmers and ranchers and has an office located at 309 2nd St., Kremlin, Oklahoma 73753, within the jurisdiction of this Court.

IV.

A. Section 11(c) of the OSH Act, 29 U.S.C. § 660(c), protects employees from retaliation by employers for making workplace safety or health complaints to OSHA, other agencies, or to their employer, or both, and asking them questions related to workplace safety or health, among other things.

B. Section 11(c)(2) of the OSH Act, 29 U.S.C. § 660(c)(2), authorizes the Secretary to conduct investigations to determine whether section 11(c), the anti-retaliation provision of the OSH Act, has been violated.

C. Section 8(b) of the OSH Act, 29 U.S.C. § 657(b), authorizes the Secretary, in making inspections and investigations, to require the attendance of witnesses and the production of evidence under oath.

D. Further, section 8(b) of the OSH Act authorizes a United States District Court, upon petition by the Secretary, to issue an Order requiring a person who has failed to respond to a subpoena issued by the Secretary to produce evidence relating to the matter under investigation or in question. A failure to obey such Order may be punished by contempt.

V.

A. On September 18, 2020, OSHA received a complaint from Juan Ramirez, a

manager with Enterprise Grain, who alleged that the owner of the company, Brady Sidwell, unlawfully discharged him because he voiced safety complaints to Sidwell.  In response to Ramirez's complaint, OSHA opened a whistleblower investigation to determine if Enterprise Grain had violated section 11(c) of the OSH Act, 29 U.S.C. § 660(c) when it terminated Ramirez.

B.	Ramirez stated that in mid to late August 2020, he called the Oklahoma Labor Board to ask questions about employer obligations regarding COVID-19.  Ramirez shared the information he received from the Oklahoma Labor Board with a secretary in the Enterprise Grain office in early September, and the secretary told Sidwell that Ramirez had called the Labor Board.

C.	On September 11, 2020, while Ramirez was on vacation, he received a call from Sidwell regarding issues related to his duties as the manager.  He claimed that Sidwell began yelling at him and then demanded Ramirez come to the office to speak with him.  Ramirez went to the office where he and Sidwell had a heated discussion in which Sidwell confronted Ramirez about calling the Oklahoma Labor Board, which Ramirez admitted.  Ramirez also told Sidwell that he had called OSHA as well.  Ramirez told Sidwell that he and the other employees were not paid enough and that they could not afford to be required to miss work to quarantine without pay. He also said he told Sidwell that the catwalks and concrete on the structures were unsafe. Ramirez and Sidwell both admit that during the argument there was pushing and threats made. Ramirez claimed the situation ultimately settled down and Sidwell offered him two dollars more an hour and said, "Let's work this out."  The following Monday, September 14, 2020, Sidwell stated he had thought about the argument over the weekend and because Ramirez was very

disrespectful, he was letting him go.

      D.      On October 19, 2020, OSHA received a position statement from Enterprise Grain's counsel, Eric N. Edwards, stating that Ramirez was terminated for defrauding the company, and being insubordinate, ineffective, and verbally and physically abusive to his employer during the September 11 meeting.  In support, Edwards attached documents, including a statement by Sidwell admitting that he recorded the September 11, 2020 argument between himself and Ramirez, and that he retained possession of the recording. Sidwell's statement is attached as Exhibit 2.

      E.      OSHA seeks to obtain this recording as part of its investigation to determine whether any safety or health complaints were made as Ramirez claims, what was said, and to determine whether Ramirez's termination was a result of any safety or health complaints in violation of section 11(c) of the Act.

VI.

      A.      On March 16, 2021, OSHA issued a subpoena duces tecum to Enterprise Grain, seeking relevant records including the audio recording.  Michael Mabee, OSHA's Assistant Regional Administrator for Whistleblower Programs ("ARA"), issued this subpoena and served it on Enterprise Grain's attorney, Edwards, via email.  OSHA received no response from either Enterprise Grain or Edwards.  An attorney with the Dallas Regional Solicitor's Office ("Dallas RSOL") attempted to follow up with Edwards via telephone and again by email on April 5, 2021.  On April 22, 2021, Dallas RSOL again contacted Edwards by email and asked him to confirm that he still represented Enterprise Grain.  Edwards responded on April 23, 2021 that he did

Case 5:21-cv-01088-PRW   Document 1   Filed 11/10/21   Page 5 of 7

represent Enterprise Grain but indicated that the company did not intend to produce the recording. Correspondence between Dallas RSOL and Respondent is attached as Exhibit 3.

## VII.

A. In an attempt to resolve this matter, OSHA narrowed the scope of the subpoena to request only the recording and served the subpoena. On May 18, 2021, under the authority of section 8(b) of the Act, 29 U.S.C. § 657(b), ARA Michael Mabee issued the Subpoena directing the Custodian of Records for Enterprise Grain to appear in Oklahoma City, Oklahoma on or before May 26, 2021 to produce a "[r]ecording of an argument between Juan Ramirez and the owner, Brady Sidwell, on September 11, 2020." A true and correct copy of this Subpoena is attached as Exhibit 4 and incorporated by reference.

B. On May 18, 2021, the Subpoena was hand-delivered to Jason Skaggs, manager of Enterprise Grain. Proof of service of the Subpoena is contained in ARA Michael Mabee's Declaration, attached to this Petition as Exhibit 1.

C. Dallas RSOL again attempted to follow up by telephone and email with Edwards, on September 16, 2021. To date, neither Enterprise Grain nor Edwards have responded.

## VIII.

A. The attorneys for the Secretary of Labor attempted to negotiate a resolution of this matter. However, Respondents have failed and refused to appear and provide the information as directed by the Subpoena dated May 18, 2021.

B. The recording sought by the Secretary is for a legitimate investigatory purpose, is relevant to OSHA's ongoing investigation, and is important for completing the investigation and determining whether a violation of the section 11(c) of the Act, 29 U.S.C. § 660(c) occurred.

Specifically, the recording is essential, relevant, and appropriate for a determination by OSHA as to whether Ramirez made safety complaints to his employer during this conversation, and if so, whether his termination was a result of those safety or health complaints.

  C. Respondent has failed and refused, and continue to fail and refuse, to appear and provide the recording as required by the Subpoena dated May 18, 2021. The unreasonable delay and refusal on the part of the Respondent constitutes disobedience and resistance to a lawful subpoena and an attempt to resist and thwart a lawful investigation by the Secretary.

  D. As a result of said conduct by Respondent, the Secretary has been hindered in the proper exercise of his lawful authority and responsibility to enforce and administer the Act in that the subject investigation has been seriously impeded.

  WHEREFORE, Petitioner prays that this Court:

  A. Enter an order requiring Respondent Enterprise Grain Company to show cause, if any, why they should not comply with and obey the Subpoena by providing OSHA with the recording(s), as well as the right to review and copy, if necessary, the original responsive recording(s).

  B. Enter an order requiring Respondent Enterprise Grain to immediately provide OSHA with the recording(s), as well as the right to immediately review and copy, if necessary, the original responsive recording(s).

  C. Grant such other and further relief as may be just and proper.

Respectfully Submitted,

SEEMA NANDA
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

MARY KATHRYN COBB
Counsel for Civil Rights

By:

  /s/ *Lacee Caitlyn Eakins*
LACEE CAITLYN EAKINS
Trial Attorney
Texas Bar No. 24121611
Attorneys for Complainant.

United States Department of Labor
Office of the Solicitor
525 S. Griffin Street, Suite 501
Dallas, Texas   75202
Telephone:    (972) 850-3100
Facsimile:    (972) 850-3101
Email:  eakins.lacee.c@dol.gov

RSOL Case No. 0660-21-00459